# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
## No. 20-1503V
## UNPUBLISHED

| | |
|---|---|
| LUIS RODRIGUEZ,<br><br>      Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>      Respondent. | Chief Special Master Corcoran<br><br>Filed: May 9, 2022<br><br>Special Processing Unit (SPU);<br>Damages Decision Based on Proffer;<br>Tetanus Diphtheria acellular<br>Pertussis (Tdap) Vaccine; Shoulder<br>Injury Related to Vaccine<br>Administration (SIRVA) |

*Harrison Whitten Long, Rawls Law Group (Richmond), Richmond, VA, for Petitioner.*

*Ronalda Elnetta Kosh, U.S. Department of Justice, Washington, DC, for Respondent.*

## DECISION AWARDING DAMAGES[1]

On October 30, 2020, Luis Rodriguez filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that he suffered a left shoulder injury related to vaccine administration ("SIRVA") as a result of a Tetanus Diphtheria acellular Pertussis ("Tdap") vaccine received on May 16, 2018. Petition at 1. Petitioner further alleges that the vaccine was received in the United States, he suffered residual effects or complications of his injury for at least six months, and neither Petitioner nor any other party has filed an action, or received compensation in the form of an award or settlement, for this vaccine-related injury. Petition at 2-5, ¶¶ 2, 22-23. The case was assigned to the Special Processing Unit of the Office of Special Masters.

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On March 3, 2022, a ruling on entitlement was issued, finding Petitioner entitled to compensation for SIRVA. On May 9, 2022, Respondent filed a proffer on award of compensation ("Proffer") indicating that the court should award $62,500.00 in the form of a check payable to Petitioner and $1,300.85 to satisfy the Commonwealth of Massachusetts Medicaid lien. Proffer at 2. In the Proffer, Respondent represented that Petitioner agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award the following:**

A. **A lump sum payment of $62,500.00 (in pain and suffering) in the form of a check payable to Petitioner; and**

B. **A lump sum payment of $1,300.85, representing compensation for satisfaction of the Commonwealth of Massachusetts Medicaid lien, in the form of a check payable jointly to Petitioner and the "Commonwealth of Massachusetts – CRU"; and mailed to:**

> **Commonwealth of Massachusetts**
> **Casualty Recovery**
> **P.O. Box 417811**
> **Boston, MA 02241-7811**

**Petitioner agrees to endorse this payment to the Commonwealth of Massachusetts – CRU.**

These amounts represents compensation for all damages that would be available under Section 15(a).

The Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

|  |  |
|---|---|
| LUIS RODRIGUEZ, | ) |
|  | ) |
|  | ) |
| Petitioner, | ) |
|  | ) |
| v. | ) No. 20-1503V |
|  | ) Chief Special Master Corcoran |
|  | ) ECF |
| SECRETARY OF HEALTH AND | ) |
| HUMAN SERVICES, | ) |
|  | ) |
| Respondent. | ) |
|  | ) |

## RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

On October 30, 2020, Luis Rodriguez ("petitioner") filed a petition for compensation ("Petition") under the National Childhood Vaccine Injury Act of 1986, as amended ("Vaccine Act" or "Act"). *See* 42 U.S.C. §§ 300aa-1 *et seq*. Petitioner alleged that he suffered a Shoulder Injury Related to Vaccine Administration ("SIRVA") as a result of a Tetanus-diphtheria-acellular pertussis ("Tdap") vaccine administered in his left shoulder on May 16, 2018. Petition at 1. . On March 1, 2022, the Secretary of Health and Human Services ("respondent") filed a Rule 4(c) Report indicating that this case is appropriate for compensation under the terms of the Act for a SIRVA Table injury, and on March 3, 2022, the Chief Special Master issued a Ruling on Entitlement finding petitioner entitled to compensation. ECF No. 25; ECF No. 26.

## I. Items of Compensation

### A. Pain and Suffering

Respondent proffers that petitioner should be awarded $62,500.00 in pain and suffering. *See* 42 U.S.C. § 300aa-15(a)(4). Petitioner agrees.

B.      <u>Medicaid Lien</u>

Respondent proffers that petitioner should be awarded funds to satisfy the Commonwealth of Massachusetts Medicaid lien in the amount of $1,300.85, which represents full satisfaction of any right of subrogation, assignment, claim, lien, or cause of action the Commonwealth of Massachusetts may have against any individual as a result of any Medicaid payment the Commonwealth of Massachusetts has made to or on behalf of petitioner from the date of his eligibility for benefits through the date of judgment in this case as a result of his alleged vaccine-related injury suffered on or about May 16, 2018, under Title XIX of the Social Security Act.

These amounts represent all elements of compensation to which petitioner is entitled under 42 U.S.C. § 300aa-15(a). Petitioner agrees.

## II.    **Form of the Award**

Petitioner is a competent adult. Evidence of guardianship is not required in this case. Respondent recommends that the compensation provided to petitioner should be made through two lump sum payments as described below and requests that the Chief Special Master's decision and the Court's judgment award the following[1]:

    A.  A lump sum payment of **$62,500.00**, in the form of a check payable to petitioner; and

---

[1] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future pain and suffering.

B. A lump sum payment of **$1,300.85**, representing compensation for satisfaction of the Commonwealth of Massachusetts Medicaid lien, in the form of a check payable jointly to petitioner and the "Commonwealth of Massachusetts – CRU", and mailed to:

Commonwealth of Massachusetts
Casualty Recovery
P.O. BOX 417811
Boston, MA 02241-7811

Petitioner agrees to endorse this payment to the Commonwealth of Massachusetts – CRU.

## III.     Summary of Recommended Payments Following Judgment

A. Lump sum payable to petitioner, Luis Rodriguez:     **$62,500.00**

B. Medicaid lien:                                                          **$1,300.85**

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

C. SALVATORE D'ALESSIO
Acting Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

ALEXIS B. BABCOCK
Assistant Director
Torts Branch, Civil Division

s/ Ronalda E. Kosh
RONALDA E. KOSH
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
Tel.:   (202) 616-4476
Email:  ronalda.kosh@usdoj.gov

DATED:  May 9, 2022